# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | |
|---|---|
| **HANI TEDROS** | **CASE NO.  3:26-CV-02941 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **TODD BLANCHE ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## <u>MEMORANDUM ORDER</u>

Before the court are a Motion for Temporary Restraining Order and Motion for Preliminary Injunction and Request for Hearing [doc. 2] filed by immigration detainee Hani Tedros, in connection with his pending petition for writ of habeas corpus. *See* doc. 1. Petitioner, a native of Eritrea, entered the United States in September 2023 and has a pending asylum application. Doc. 1, ¶¶ 3–4. He was detained on July 5, 2026. *Id.* at ¶ 5. He is currently in ICE custody at the Jackson Parish Correctional Center in Jonesboro, Louisiana. *Id.* Petitioner seeks habeas relief on the grounds that his detention without an individualized custody determination violates his right to due process. He also moves for a temporary restraining order and preliminary injunction ordering a custody redetermination hearing or immediate release, and requests that the court set his motion for an expedited hearing at the earliest practicable time. Doc. 2.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights*

*Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

The petitioner's request for immediate release demonstrates no threat of imminent harm beyond the ordinary hardships of detention. Instead, he merely seeks to accelerate his request for the ultimate relief requested under his habeas petition. Courts should not allow petitioners to skip the line on habeas review by dressing their petitions as TRO's. *See Rodriguez v. Lyons*, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025) (denying a "motion to decide my habeas petition now."); *Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("[T]he purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."). Petitioner, who has only been detained for one month, provides no basis why this court should prioritize him above the 1406 other alien detainee habeas petitions pending in the Western District of Louisiana as of this date. Accordingly, **IT IS ORDERED** that the Motions [doc. 2] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 10th day of August, 2026.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

Page 2 of 2